Donnie W. BURRESS, et al.

v.

SHELBY COUNTY, Tennessee, et al.

Court of Appeals of Tennessee,
at Jackson.

July 19, 2001.

Application for Permission to Appeal
Dismissed by Supreme Court
Oct. 8, 2001.

Alan Bryant Chambers, Memphis, TN, for appellants, Donnie W. Burress and the Shelby County Deputy Sheriff's Association.

Carroll C. Johnson, Memphis, TN, for appellees, Shelby County, TN, Mayor James Rout, Jim Martin, Administrator of Personnel, and Jerry Kennedy, Administrator of the Risk Management Office.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This appeal arises from the trial court's dismissal of a complaint seeking compensation for the heart disease suffered by Officer. Officer worked for Department since 1981. In pre-hiring screening, Officer was determined to have hypertension. When he was diagnosed with heart disease several years later, he sought compensation on the basis that, under § 7–51–201(a)(1) of

the Tennessee Code, any impairment of health by a heart condition or hypertension is presumed to have been incurred in the line of duty if the afflicted person meets several conditions. The trial court found that Officer failed to meet these conditions. In addition, it found that any presumption that working for Department caused the disease had been overcome by Department. We affirm.

Donnie Burress was employed as a deputy sheriff with the Shelby County Sheriff's Department (Department) in 1981.[1] Mr. Burress performed a variety of duties at the Department, though he spent the majority of time with the patrol division.[2] In 1989, Mr. Burress began to experience heart problems. After an examination, it was determined that he had coronary artery disease.[3]

Mr. Burress has a family history of heart trouble and diabetes. He had been diagnosed as having hypertension before he began working for the Sheriffs Department in 1981.[4] In addition, Mr. Burress smoked three to four packs of cigarettes a day and has been diagnosed with diabetes. Mr. Burress weighed approximately 280 pounds, though his weight had been as high as 319 pounds during his time with the Department. He was also found to have a high cholesterol level.

Mr. Burress filed suit to secure employment benefits for his heart disease which he alleged arose out of and in the course of his employment with Department.[5] Mr. Burress noted that, under section 7–51–201(a)(1) of the Tennessee Code, any impairment of health by a heart condition or hypertension is presumed to have been incurred in the line of duty if the afflicted person meets several conditions. After a bench trial, the trial court ruled that Mr. Burress's heart condition "did not arise out of and in the course of his employment." Instead, the court found that Mr. Burress's condition "arose from matters outside of the plaintiff's employment with the defendant Shelby County." In addition, the court found that "any presumption that the plaintiff's hypertension or heart condition arose out of in [sic] the course of plaintiff's employment was overcome by the medical evidence submitted by the defendants." As a result, the court ruled in favor of the defendants. This appeal followed.

■ The issue, as we perceive it, is as follows:

Does the presumption in section 7–51–201(a)(1) of the Tennessee Code apply to Mr. Burress and, if so, is there sufficient medical evidence to overcome the presumption?

1. Mr. Burress was first employed by the Department as a reserve deputy. After approximately a year, he was transferred to full-time, active status.

2. Mr. Burress's duties also included jail duty, internal affairs, court duty and narcotics investigation.

3. According to the deposition testimony of Dr. Milton Brent Addington, coronary artery disease consists of the obstruction of the coronary arteries by cholesterol filled plaques.

4. Before Mr. Burress began working as a reserve deputy, he was given a medical examination, where it was determined that he had minor hypertension that was controlled by medication. No such examination was provided when he transferred to full-time, active duty status a year later.

5. Mr. Burress filed suit against Shelby County, Tennessee; Mayor James Rout; Jim Martin, Administrator of Personnel; and Jerry Kennedy, Administrator of the Risk Management Office. Mr. Burress was joined in his suit by the Shelby County Deputy Sheriff's Association.

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* Tenn.R.App.P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph,* 937 S.W.2d 815, 819 (Tenn.1996); Tenn. R.App.P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.,* 986 S.W.2d 550, 554 (Tenn.1999); Tenn.R.App.P. 13(d).

### Statutory Presumption

Section 7–51–201(a)(1) of the Tennessee Code states:

Whenever the state of Tennessee, or any municipal corporation or other political subdivision thereof that maintains a regular law enforcement department manned by regular and full-time employees and has established or hereafter establishes any form of compensation to be paid to such law enforcement officers for any condition or impairment of health which shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such law enforcement officers caused by hypertension or heart disease resulting in hospitalization, medical treatment or any disability, shall be presumed (unless the contrary is shown by competent medical evidence) to have occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall be presumed (unless the contrary be shown by competent medical evidence) to be a loss of life in line of duty, and to have been in the line

and course of employment, and in the actual discharge of the duties of such officer's position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in line of duty. Such law enforcement officer shall have successfully passed a physical examination prior to such claimed disability, or upon entering governmental employment and such examination fails to reveal any evidence of the condition of hypertension or heart disease.

Tenn.Code Ann. § 7–51–201(a)(1) (1998).

Thus, in order for the presumption under this statute to apply to Mr. Burress, he must show that (1) he was employed by a regular law enforcement department; (2) he suffered from hypertension or heart disease resulting in hospitalization, medical treatment or disability in the course of employment; and (3) prior to the injury he had been given a physical examination which did not reveal the heart disease or hypertension. *Krick v. Lawrenceburg,* 945 S.W.2d 709, 712 (Tenn.1997) (citing *Stone v. McMinnville,* 896 S.W.2d 548, 550 (Tenn.1995)). Should Mr. Burress fail to meet the requirements to obtain the presumption or should the presumption be rebutted by "competent medical evidence," he will be required to prove by a preponderance of the evidence that his heart disease "arose out of and in the course of his employment." *See id.* at 713.

■ Upon our review of the record, it becomes clear that Mr. Burress is not entitled to the presumption available under section 7–51–201(a)(1) of the Tennessee Code that his heart disease was the result of his employment with Department. This section clearly states that a "law enforcement officer shall have successfully passed a physical examination prior to such

claimed disability, or upon entering governmental employment and *such examination fails to reveal any evidence of the condition of hypertension or heart disease.*" Tenn.Code Ann. § 7–51–201(a)(1) (emphasis added). An examination of Mr. Burress's testimony reveals that he did not meet this requirement.

Q. Did you have hypertension at the time you were hired?

A. I did have minor hypertension, yes.

Q. Was that controlled by medication?

A. That is correct.

By his own admission, Mr. Burress had hypertension at the time he was hired. Thus, Mr. Burress is not entitled to the statutory presumption available under section 7–51–201(a)(1) of the Tennessee Code.

■ Even if this court had found that Mr. Burress was entitled to the presumption, such presumptions can be overcome by "competent medical evidence." Tenn. Code.Ann. § § 7–51–201(a)(1) (1998). Indeed, the trial court specifically determined in its April 26, 2000 order that "any presumption that the plaintiff's hypertension or heart condition arose out of ... [the] plaintiff's employment was overcome by the medical evidence submitted by the defendants." Upon our review of the evidence, we agree.

Dr. Gary Murray, in his deposition testimony, stated that "I could not say with any certainty that his [Mr. Burress's] job created or caused his coronary disease.... I'm not certain, to my knowledge, that it has ever been proven in any publication that a job can be the primary or sole reason that a person develops plaques in their coronary arteries." In addition, Dr. Murray testified that Mr. Burress's "smoking, high cholesterol, hypertension and diabetes would be all recognized causes ... of coronary disease." In light of this testimony, we find it reasonable that the trial court could find that any

statutory presumption was "overcome by the medical evidence submitted by the defendants."

As Mr. Burress is not entitled to the presumption under section 7–51–201(a)(1) of the Tennessee Code, he is required to prove that his heart disease arose in and out of his employment.

However, heart disease arises out of employment only if (1) the disease can be determined to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment, (2) it can be fairly traced to the employment as a proximate cause, (3) it has not originated from a hazard to which the worker would have been equally exposed outside of the employment, (4) it is incidental to the character of the employment and not independent of the relation of employer and employee, (5) it originated from a risk connected with the employment and flowed from that source as a natural consequence, though it need not have been foreseen or expected prior to its contraction, and (6) there is a direct causal connection between the disease and conditions under which the work is performed.

*Krick*, 945 S.W.2d at 713 (citing Tenn. Code.Ann. § 50–6–301 (1999)).

After an examination of the record, we find that the evidence preponderates against a finding that Mr. Burress's coronary artery disease arose out of or in the course of his employment. Dr. Murray, in his deposition testimony for Department, stated that Mr. Burress's "smoking, high cholesterol, hypertension and diabetes would all be recognized causes" of coronary disease. In addition, Dr. Murray testified that these factors were the cause of Mr. Burress's disease. Even Dr. Addington, the plaintiff's doctor, stated in his testimony that Mr. Burress's other risk factors contributed to the likelihood that

Mr. Burress would contract heart disease. With such testimony, we feel that Mr. Burress's coronary artery disease cannot "be fairly traced to the employment as a proximate cause," and thus Mr. Burress has not proven that his coronary artery disease arose out of, or in the course of, his employment. As a result, the trial court properly dismissed the plaintiff's claim, and we hereby affirm its ruling.

### Conclusion

Based on the foregoing conclusions, we hereby affirm the trial court's ruling.

Costs on appeal are assessed against the Appellants, Donnie W. Burress and the Shelby County Deputy Sheriffs Association, and their sureties, for which execution may issue if necessary.