IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2023 Session

## IN RE CONSERVATORSHIP OF ROBERT E. HATHAWAY

**Appeal from the Probate Court for Shelby County**
**No. D-11390-1        Robert E. Lee Davies, Senior Judge**
_____

**No. W2020-00687-COA-R3-CV**
_____

Appellant attorney appeals the denial of his request for attorney's fees to be paid from the estate of a ward in a conservatorship proceeding. The trial court denied the request on the bases that the legal services contract at issue did not provide for the payment of fees from the estate, the ward lacked capacity to enter into a power of attorney giving the executor of the contract authority to do so, and the applicant attorney was never appointed as attorney ad litem for the ward. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Richard W. Parks, Memphis, Tennessee, Pro se.

Deborah K. Brooks, Memphis Tennessee, for the appellee, Aging Commission of the MidSouth.

Thomas Branch, Memphis, Tennessee, Guardian Ad Litem

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves an application for fees incurred in a conservatorship action in the Shelby County Probate Court ("the trial court"). In March 2011, a petition was filed for the appointment of a conservator over Robert E.L. Hathaway. In the course of the proceedings,

a guardian ad litem was appointed for Mr. Hathaway. In December 2012, Appellee the Aging Commission of the Midsouth ("ACMS") was appointed as the interim conservator. In February 2013, the trial court appointed ACMS as the permanent conservator of Mr. Hathaway. The case proceeded for several years.

Eventually, in October 2016, Mr. Hathaway died, and the conservatorship was terminated. The trial court was left with $19,165.50 in Mr. Hathaway's estate to distribute. Three individuals associated with the conservatorship requested fees to be paid from the estate: (1) Appellee Thomas Branch ("GAL Branch," and together with ACMS, "Appellees"), the guardian ad litem, requested $19,250.00 in fees and expenses; (2) Peggy Dobbins, as the public conservator with ACMS, requested $15,450.00 and expenses; and (3) Deborah Kay Brooks, as the attorney for Ms. Dobbins and ACMS, requested $11,406.69 in fees and expenses.

On February 12, 2020, a fourth individual requested fees to be paid from the estate. Specifically, Appellant Richard W. Parks, an attorney, filed a motion to enforce a previously filed attorney lien "to insure payment from the estate of [Mr. Hathaway] for valuable legal services rendered on [his] behalf . . . pursuant to a written contract for the same[.]" According to Attorney Parks, if he had not acted

> in pursuing and recapturing the aforesaid real and personal property which was fraudulently taken from Mr. Hathaway . . . , the estate of [Mr.] Hathaway would be without any funds whatsoever to pay any of Mr. Hathaway's still outstanding debts. Therefore, [Attorney] Parks['s] fees for legal services should be given priority over other outstanding debts and be paid first . . . .

In support of his fee claim, Attorney Parks submitted a power of attorney, drafted by himself and signed by Mr. Hathaway, in favor of Eli Savage; a contract Mr. Savage, as the power of attorney for Mr. Hathaway, signed for legal services with Attorney Parks; a promissory note signed by Mr. Savage, as power of attorney for Mr. Hathaway, to Attorney Parks for $4,500.00; two checks payable to Attorney Parks totaling $5,000.00, also signed by Mr. Savage; and a fee log detailing the work expended by Attorney Parks. According to the application for fees, Attorney Parks incurred $19,670.00 in legal fees on behalf of Mr. Hathaway, with an unpaid balance of $16,970.00. Attorney Parks asked that these fees be paid from the assets of Mr. Hathaway's estate.

An evidentiary hearing on the outstanding fee requests was held on February 12, 2020. Attorney Parks, GAL Branch, and Attorney Brooks all testified, but no transcript of this hearing is included in the record on appeal.[1] By order of February 18, 2020, the trial court entered a detailed written order denying Attorney Parks's fee application. Therein, the trial court ruled that the contract submitted did "not entitle [Attorney Parks] to any fees

---

[1] The lack of transcript is discussed in detail, *infra*.

for his representation in the probate case." Moreover, the trial court held that Mr. Hathaway did not have the mental capacity to execute the power of attorney that gave Mr. Savage the authority to execute the legal services contract. The trial court also noted that because Attorney Parks failed to apply for the appointment of an attorney ad litem under Tennessee Code Annotated section 34-1-125,[2] the trial court lacked authority to award fees. The trial court awarded reduced fees to GAL Branch, Ms. Dobbins, and Attorney Brooks.[3]

On March 19, 2020, Attorney Parks filed a motion to alter or amend the trial court's judgment, asserting that the trial court's order contained many factual errors, including in regard to the circumstances surrounding the execution of the legal services contract, the investigation of the guardians ad litem into Mr. Hathaway's competency, and Attorney Parks's testimony. The motion further asserted that the trial court's final order should be amended to address "the clerk's exceptions to the conservator's 'final accounting' and contain a specific ruling as to [Attorney Parks's] Attorney Lien for legal services[.]" The trial court denied the motion to alter or amend by order of April 2, 2020, on the basis that Attorney Parks was attempting to raise new, previously untried theories. Attorney Parks thereafter appealed to this Court.

## II. ISSUES PRESENTED

Attorney Parks raises the following issues, which are taken from his appellate brief with minor alterations:

1. Did the trial court abuse its discretion and err in finding that, despite two years of work pursuant to a voluntary, arms' length, written contractual agreement statutory and equitable principles of Tennessee law, the rules of professional conduct, a duly documented and timely filed attorney lien, the obvious benefits his client and his estate derived from the undisputed valuable legal services Attorney Parks provided in good faith to protect his client and his rights, to recover valuable personal and real property which had been wrongfully taken from his client and to assist his client in freeing himself from the bonds of a fraudulent, toxic and

---

[2] This statute states as follows:

> (a) The court shall appoint an attorney ad litem to represent the respondent on the respondent's request, upon the recommendation of the guardian ad litem or if it appears to the court to be necessary to protect the rights or interests of the respondent. The attorney ad litem shall be an advocate for the respondent in resisting the requested relief.
> (b) The cost of the attorney ad litem shall be charged against the assets of the respondent.

[3] Specifically, GAL Branch was awarded $8,000.00; Ms. Dobbins was awarded $5,582.75; and Attorney Brooks was awarded $5,582.75. This amount represented the entirety of the assets held by the trial court.

harmful marriage to the one who maliciously wronged him and sought to obtain unwanted legal control over his person and property, Attorney Parks is not entitled to any compensation from the conservatorship estate of the now deceased client consisting entirely of funds which Attorney Parks caused to be returned to the said client?

2. Did the trial court violate Attorney Parks's constitutional right to due process and equal protection of the law in ruling that under Tennessee law, Attorney Parks is not entitled to be compensated from the conservatorship for legal services rendered as attorney ad litem for Mr. Hathaway because he was not court-appointed while it simultaneously awarded compensation to the unappointed attorney for the conservator who has arguably mishandled the ward's estate?

3. Did the trial court abuse its discretion and err in failing to review and confirm the fiduciary's missing and irregular accountings to determine the true and correct nature and extent of the conservatorship's estate at least contemporaneously with its award of costs and fees especially since there had been no confirmed accounting for the period of time since November 2016 and the clerk had issued a citation for show cause and/or contempt on or about July 15, 2019; thirty-three months after the ward's death?

4. Did the trial court abuse its discretion and err in overruling Attorney Parks's timely filed Rule 59 Tennessee Rules of Civil Procedure motion seeking to correct alleged factual errors in the trial court's February 18, 2020 order of judgment?

## II. STANDARD OF REVIEW

The central focus of this appeal is the trial court's decision to deny Attorney Parks's request for attorney's fees to be paid out of the estate of Mr. Hathaway. Under Rule 13(d) of the Tennessee Rules of Appellate Procedure, we review the trial court's factual findings de novo upon the record with a presumption of correctness. Tenn. R. App. P. 13(d). We review the trial court's legal conclusions de novo with no presumption of correctness. *Burress v. Shelby Cnty.*, 74 S.W.3d 844, 846 (Tenn. Ct. App. 2001). A trial court's decisions regarding the award of attorney's fees are reviewed under the abuse of discretion standard. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

## III. Analysis

### A.

Although not designated as an issue, Attorney Parks first takes issue with the lack of a statement of the evidence in this appeal. Rule 24 of the Tennessee Rules of Appellate Procedure requires that the appellant either file a transcript or statement of the evidence, or

- 4 -

give notice that none is to be filed. *See* Tenn. R. App. P. 24(b)–(d). It is generally the appellant's duty to comply with Rule 24's transcript or statement of the evidence requirement. **Coakley v. Daniels**, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). In the absence of a transcript or statement of the evidence, "this Court presumes that sufficient evidence existed to support the trial court's decision." **Irvin v. City of Clarksville**, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988).

In order to fully address this issue, we provide a brief recitation of the procedural history relative to the filing of the statement of the evidence in the trial court. After filing his notice of appeal, on June 29, 2020, Attorney Parks filed a statement of the evidence in the trial court. ACMS filed a response and objections to the statement of the evidence on August 26, 2020. Therein, ACMS asserted as follows:

> 1. Deborah K. Brooks and ACMS state that some of the statements made by the Attorney Parks, Richard Parks, Esq. are objectionable. However, we wish to expedite the matter and not clutter the process with statements and objections not relevant to the singular issue in the case. After a lengthy recital his findings of facts the Honorable Robert E. Lee Davies, Senior Judge in his Order entered on February 18, 2020, wherein Judge Davies concisely cited legal authority for his decision:
> "... this Court has no authority to award [Attorney] Parks his attorney's fees since he did not qualify as one of the listed parties eligible for an award of attorney's fees. Tenn. Code Ann. §34-1-114. **Tillman v. Thomas**, 2012 W.L. 4550961 (Tenn. Ct. App. 2012)."
> We, Deborah K. Brooks, Esq. and the ACMS rely upon the findings of fact and statements of law and MOVES for a dismissal of the appeal.

GAL Branch, as the guardian ad litem, filed his own objection to the statement of evidence on September 1, 2020. Therein, GAL Branch objected to specific paragraphs of Attorney Parks's statement of the evidence as not supported by the evidence or the law. The issue of the statement of the evidence then went unresolved for many months. On August 23, 2022, this Court entered an order requiring Attorney Parks to show cause why the appeal should not be dismissed for failure to file a transcript or statement of the evidence. We entered another order on September 29, 2022, again directing Attorney Parks to file a transcript or statement of the evidence.

On December 22, 2022, this Court received a supplemental appellate record from the trial court, which contained an order of the trial court dated December 13, 2022. This order stated that "[o]n July 29, 2022, the Court reviewed the statement of evidence submitted by Attorney Parks and the objections thereto submitted by Appellees . . . . and ruled upon the admissibility of each paragraph." The trial court further stated that its "rulings on the statement of the evidence is contained in the transcript of the July 29, 2022 hearings," but that neither party had "requested the Court to enter any additional order

regarding the contents of the appellate record and statement of the evidence." We therefore entered an order on March 7, 2023, directing Attorney Parks to file a proposed order with the trial court or else show cause why this appeal should not be dismissed.

In response, this Court received an order of the trial court entered on March 28, 2023, which included the following determinations:

> The Court has reviewed the proposed order submitted by [Attorney Parks] and finds it is not in compliance with this Court's prior order directing that the statement of the evidence be prepared in accordance with the transcript of the July 29, 2022 hearing.
>
> . . . .
>
> It is [Attorney Parks's] duty . . . "to prepare the record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which formed the basis of the appeal." Although both this Court and the Court of Appeals have given [Attorney Parks] every opportunity to prepare the transcript in accordance with this Court's ruling on July 29, 2022, [Attorney Parks] has failed to do so.

(Internal citation omitted). We then entered an order on April 19, 2023, ruling that Attorney Parks had not complied with Rule 24 and ordering that the appeal would proceed in the absence of a transcript or statement of the evidence.

Attorney Parks admits that our April 19, 2023 order was "perhaps factually accurate" but disagrees that he should be held responsible for the failures in this case. Respectfully, we disagree. The Tennessee Rules of Appellate Procedure specifically provide that relief will not "be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). In our view, Attorney Parks was given over two years to follow the trial court's directives so that a proper statement of the evidence could be submitted to this Court. Even after this significant delay, however, Attorney Parks failed to do what was necessary to ensure that this Court had a sufficient record to provide meaningful appellate review of the evidence in this case. And as Attorney Parks has not designated the trial court's ruling regarding the statement of the evidence as an error on appeal, we stand by our decision to consider this case in the absence of a transcript. Based on Attorney Parks's repeated failure to respond to both the trial court's and this Court's directives, we are left without a transcript or statement of the evidence in this appeal; as a result, we will apply a conclusive presumption that sufficient evidence was presented to support the trial court's judgment. *Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012).

**B.**

Attorney Parks's first two issues concern the trial court's ruling that he was not entitled to payment of the legal fees he allegedly incurred on behalf of Mr. Hathaway. As previously discussed, the trial court cited three bases for denying Attorney Parks's fee application: (1) the legal services contract did not provide that the fees incurred therein would be paid from the probate estate; (2) Mr. Hathaway did not have mental capacity to sign the power of attorney that gave Mr. Savage the authority to enter into the legal services contract; and (3) Attorney Parks never sought be appointed as Mr. Hathaway's attorney ad litem.

On appeal, Attorney Parks's argument as to his first issue is, in its entirety, as follows:

> After being contacted by and personally consulting with Mr. [] Savage and Mr. Hathaway, [Attorney Parks] answered the call of duty legally as an ethical, zealous lawyer and as a compassionate human and did what he thought was the right thing to do for over two years and succeeded in genuinely rescuing and helping Mr. Hathaway for as long as he could ethically do so. See, Rule 1.14 of the Tennessee Rules of Professional Responsibility. And successfully accomplished virtually all he could legally and ethically do under the circumstances and Mr. Hathaway and his estate benefited greatly as a result. Therefore he should be fairly compensated to the extent possible, as the law permits, for the valuable services he rendered in good faith and agreed and evidenced in the record and as . See, T.C.A. 31-1-125, T.C.A. 34-1-114, T.C.A. ; and Judge Gomes' order of September 27, 2013 at R.Vol. 3, page 340.[4]

Clearly, this argument wholly fails to address the trial court's legal bases for denying Attorney Parks's fee application. Moreover, none of the purported legal authorities support Attorney Parks's assertion that the trial court erred. Tennessee Code Annotated section 34-1-114 provides for the payment of certain costs from the property of the ward, such as the fees of the guardian ad litem or for required mental examinations, but Attorney Parks does not explain how this statute entitles him to fees in this particular case. We further assume that Attorney Parks intends to cite to Tennessee Code Annotated section 34-1-125,[5] which allows the cost of an attorney ad litem appointed by the court to be paid from the assets of the ward.[6] But the trial court found that Attorney Parks never requested and was never appointed as an attorney ad litem in this case.

Indeed, even the order cited by Attorney Parks above belies his argument.

---

[4] Judge Kathleen N. Gomes previously presided over this matter. She recused by order of October 15, 2019.

[5] Tennessee Code Annotated section 31-1-125 does not exist.

[6] For the full text of this statute, see footnote 2, *supra*.

Specifically, the September 27, 2013 order states as follows:

> 1. Richard W. Parks was never approved as an Attorney ad Litem for [Mr. Hathaway], but the Court has allowed him to speak on [Mr. Hathaway's] behalf through the hearing of the Motion to alter and amend the property management plan heard on the 19th of August, 2013.
> 2. Further, the Court is of the opinion that once the Conservator was appointed, [Mr. Hathaway's] rights and interests were adequately protected and the Ward did not require further legal representation. Appearance made by Richard Parks for [Mr. Hathaway] after the appointment of the Conservator were done at his own peril.
> 3. [Mr. Hathaway] lacked capacity to retain and/or maintain an attorney/client relationship with Richard Parks certainly, at least, since the Conservator was appointed.

So then, Attorney Parks's reliance on the attorney ad litem statute as support for his claim of attorney's fees is entirely misplaced.

> Rule 27(a) of the Tennessee Rules of Appellate Procedure provides that the brief of the appellant shall contain, among other things:

> An argument, which may be preceded by a summary of argument, setting forth:

>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; . . .

Tenn. R. App. P. 27(a)(7). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." **Sneed v. Bd. of Pro. Resp. of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010).[7] Here, Attorney Parks has failed to develop a non-skeletal argument to demonstrate that the trial court erred in any of the three bases upon which it denied Attorney Parks's fee application.

---

[7] We have held that these requirements apply to both represented parties and self-represented parties. *See generally* **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Moreover, while Attorney Parks is representing his own interests in this appeal, he is a licensed attorney and his involvement in this case results solely from his alleged role as counsel for Mr. Hathaway. Thus, it should not be necessary to afford Attorney Parks the same leeway as pro se litigants who have "no legal training and little familiarity with the judicial system." **Id.**

We note that Attorney Parks does attempt to better address some of the trial court's ruling in his reply brief. Reply briefs, however, usually cannot be used to correct the deficiencies in initial briefs. *See Augustin v. Bradley Cnty. Sheriff's Off.*, 598 S.W.3d 220, 227 (Tenn. Ct. App. 2019).[8] Moreover, the bulk of the arguments made in Attorney Parks's reply brief fail due to the conclusive presumption in favor of the trial court's ruling. For example, Attorney Parks argues that the evidence was insufficient to support a finding that Mr. Hathaway lacked capacity when he executed the power attorney because there was no evidence that Mr. Hathaway "had ever been adjudicated to be a disabled person under Tennessee law[.]" Attorney Parks further argues that the "totality of the record" shows that Mr. Hathaway "had sufficient mental capacity" to execute the power of attorney. Without the benefit of a transcript or statement of the evidence, however, we simply cannot evaluate the evidence presented in favor of the trial court's finding that Mr. Hathaway lacked capacity. Instead, we must presume this factual finding to be correct. *See Irvin*, 767 S.W.2d at 653.

Attorney Parks further argues that Appellees "mistakenly assert that [section] 34-1-114 alone controls who may be awarded fees from a conservatorship estate." But it was Attorney Parks who cited this statute, along with section "34-1-125," as the sole basis for his argument on appeal that the trial court erred in denying his fees. Moreover, Attorney Parks admits that he was "never appointed as attorney ad litem" for Mr. Hathaway, but asserts that such appointment was unnecessary due to the contract privately retaining Attorney Parks for legal services. But again, we have concluded that the trial court's finding that Mr. Hathaway lacked the capacity to enter into the power of attorney—the document that gave Mr. Savage the authority to enter into the legal services agreement—must be affirmed due to the conclusive presumption applicable here. Thus, the purported legal services agreement can be of no benefit to Attorney Parks's fee request in the conservatorship action. As such, Attorney Parks has not demonstrated that he is entitled to relief as to his first issue.

Attorney Parks further asserts that the trial court's ruling violated his constitutional right to due process and equal protection. His entire argument as to this issue is as follows:

> The trial court found in its order of February 18, 2020 that [Attorney Parks] was not entitled to be award any compensation from the conservatorship estate because T.C.A. 34-1-114 does not specifically authorize such an award to one an attorney who did nor was not court-appointed to serve as an attorney yet the court did indeed grant the fee request of an Appellee who was similarly situated as the attorney, not for [Mr. Hathaway] to a

---

[8] Attorney Parks raises additional arguments in his reply brief asserting that he was a secured creditor on a legitimate debt owed by Mr. Hathaway. These arguments were not made in Attorney Parks's initial brief, and are therefore waived. *See Caruthers v. State*, 814 S.W.2d 64, 69 (Tenn. Crim. App. 1991) ("An appellant cannot . . . advance a new argument to support an issue in the reply brief.").

conservatorship action but as an unappointed private attorney employed by a state agency which did not ask for authorization to employ said attorney and therefore failed to treat the two similarly situated persons by the same standard in the eyes of the law and violated [Attorney Parks's] constitutional right.

Once again, Attorney Parks cites no legal authority to support his claim that his constitutional right to due process was somehow violated in this case. Here, the trial court had an evidentiary hearing in which Attorney Parks was permitted to submit evidence and testimony in support of his claim for fees. And Attorney Parks repeatedly failed to comply with the mandates of the trial court and this Court to prepare a statement of the evidence from which we could engage in meaningful appellate review. In light of Attorney Parks's skeletal argument on this issue and the conclusive presumption that the trial court's ruling is supported by the evidence, we must conclude that Attorney Parks has not demonstrated that he is entitled to relief on his second issue.

## C.

Attorney Parks next asserts that the trial court abused its discretion in failing to review and confirm the fiduciary's "missing and irregular accountings[.]"[9] The entirety of Attorney Parks's argument on this issue is simply a citation to Tennessee Code Annotated section 34-3-108(e), which Attorney Parks asserts "generally governs the accounts and settlement of executors and administrators and fiduciaries of estates and provides that all personal representatives of estates must account to the court[.]" But an argument that is more than skeletal is one that includes not only citation to legal authority but also an explanation of "how the cited legal principles apply to the facts in this case." *Tennesseans for Sensible Election Laws v. Slatery*, No. M2020-01292-COA-R3-CV, 2021 WL 4621249, at *6 (Tenn. Ct. App. Oct. 7, 2021) (describing the explanation as "necessary"), *perm. app. denied* (Tenn. Mar. 24, 2022). In the absence of an explanation as to how the cited legal authority supports his assertion of error, this argument is waived.[10]

## D.

---

[9] We note that nothing in Attorney Parks's argument on this issue indicates whether he raised this issue in the trial court prior to his motion to alter or amend. *See* Tenn. Ct. App. P. 6(a)(2) (requiring that the appellant's argument include "[a] statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded"). Motions to alter or amend are not vehicles for raising "new, previously untried or unasserted theories or legal arguments." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005).

[10] GAL Branch asserts on appeal that Attorney Parks had no standing to challenge the accountings, as he was not a party to the conservatorship case and did not represent a party. We need not address this issue on appeal given Attorney Parks's waiver.

Finally, Attorney Parks asserts that the trial court erred in denying his motion to alter or amend because he was not raising new, previously untried legal arguments. Instead, Attorney Parks asserts that his intention was to "direct[] the [trial] court's attention to the many factual errors" in the trial court's judgment. Moreover, Attorney Parks asserts that he should have been permitted a hearing on his motion to alter or amend. Once again, however, Attorney Parks cites no legal authority in support of his argument. Indeed, this Court has previously held that it was not error for a trial court to consider a motion to alter or amend without an evidentiary hearing, particularly when such a hearing was not requested by the movant. *See Polster v. Polster*, No. M2020-01150-COA-R3-CV, 2021 WL 4167927, at *6 (Tenn. Ct. App. Sept. 14, 2021) ("[W]e discern no error in the court's deciding the matter on the pleadings alone, as neither Rule 59.04 or 60.02, nor any other authority we have discovered in our research, contains a requirement that a separate evidentiary hearing be held on such motions, especially when one is not requested."), *perm. app. denied* (Tenn. Jan. 12, 2022).[11] Moreover, we simply cannot review the question of whether the trial court should have amended its factual findings in the absence of a transcript or statement of the evidence.[12]  So again, we conclude that this skeletal argument has not demonstrated that Attorney Parks is entitled to relief on this issue.

## IV. CONCLUSION

The judgment of the Shelby County Probate Court is affirmed, and this cause is remanded to the trial court for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Richard W. Parks, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[11] Nothing in Mr. Parks's motion to alter or amend specifically requests a hearing.

[12] As an example, the trial court's order explained that "when [Attorney] Parks met with Mr. Savage and Mr. Hathaway, he immediately recommended that Mr. Hathaway sign a power of attorney in favor of Mr. Savage so that Mr. Savage could then enter into an engagement contract for legal services on behalf of Mr. Hathaway." Attorney Parks argued in his motion that this finding

> should be deleted in its entirety and replaced with words to the effect that, after [Attorney] Parks personally spoke with Mr. Savage and Mr. Hathaway by phone and subsequently reviewed legal documents and researched and reviewed public records in following days, he recommended that Mr. Hathaway execute a durable power of attorney to appoint his trusted and capable friend and brother in law, Mr. Savage as his attorney in fact to assist him in accomplishing his goals.

Obviously, without a transcript or statement of the evidence, we cannot review what evidence was actually presented on this issue. As such, we presume that the trial court's factual findings are accurate. *See Irvin*, 767 S.W.2d at 653.