IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2024 Session

## JOHN B. JONES v. SAMANTHA ROSE JONES

**Appeal from the Chancery Court for Maury County**
**No. 18496     Christopher V. Sockwell, Chancellor**

_____

**No. M2023-00767-COA-R3-CV**

_____

In the first appeal in this case, we reversed the decision of the trial court to award custody of the minor children to Grandparents and remanded for Grandparents to prove substantial harm. While the appeal was pending, Mother and Grandparents filed a joint petition for custody to be returned to Mother. The trial court held a trial on both issues following the remand from this Court. Ultimately, the trial court granted Mother's petition and entered a parenting plan naming Mother primary residential parent and awarding Father weekend visitation; Grandparents were not awarded any visitation. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which JOHN W. MCCLARTY, and KENNY ARMSTRONG, JJ., joined.

John B. Jones, Columbia, Tennessee, Pro se.

### MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL HISTORY

This is the second appeal in this custody matter. *See **Jones v. Jones** (**Jones I**)*, No.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

M2021-00788-COA-R3-CV, 2022 WL 3589628, at *1 (Tenn. Ct. App. Aug. 23, 2022). Plaintiff/Appellant John B. Jones ("Father") and Defendant Samantha Rose Jones ("Mother") are the parents of two children. During the pendency of the parties' divorce, the children were temporarily placed with their maternal grandparents, William Patton and Tammy Patton ("Grandparents"), in connection with a dependency and neglect action;[2] both parents were regrettably involved with drugs during this time. A divorce decree was entered, but custody matters were reserved for the Maury County Juvenile Court ("the juvenile court"). Father then filed several motions in the juvenile court, including for the children to be placed in his custody. A temporary order was put in place maintaining custody with Grandparents and granting parents visitation. The juvenile court then transferred the matter to the Maury County Chancery Court ("the trial court") and later dismissed the juvenile action.

Father thereafter filed a petition for custody in the trial court, asking that he be named the children's primary residential parent. Eventually, the trial court held a hearing on the custody issue on June 4, 2021. In the order resulting from that hearing, the trial court found that it was in the children's best interests to remain with Grandparents, with Father having fifty-four days of parenting time. Father thereafter appealed; Mother did not participate in the appeal.

In considering Father's appeal, we characterized the dispositive issue as "whether the chancery court implemented the appropriate legal standard to resolve the competing claims of custody between a parent and a non-parent." *Id.* at *7. After considering the trial court's order, we concluded that it did not. Specifically, we noted that in a contest to modify a temporary custody order between himself, a parent, and Grandparents, non-parents, Father enjoyed superior parental rights. *Id.* And under this doctrine, the non-parents seeking an initial custody order in their favor are required to establish, by clear and convincing evidence, that "the child will be exposed to substantial harm if placed in the custody of the parent." *Id.* (citation omitted). The trial court, however, did not consider whether the children would be exposed to substantial harm. We therefore reversed the decision of the trial court and remanded for further proceedings in which Grandparents would "bear the burden of showing by clear and convincing evidence that the children would be exposed to substantial harm if placed in Father's custody." *Id.* at *9.

Meanwhile, in the trial court, on July 22, 2022, Mother and Grandparents (together, "Petitioners") filed a joint petition for custody of the children to be returned to Mother.[3] The petition alleged that Mother was now fit to take custody of the children.

---

[2] These procedural facts are taken from the Opinion in *Jones I*, as the record on appeal contains only those pleadings that were filed after July 2022. A more detailed recitation of the proceedings can be found in our earlier Opinion.

[3] The petition asked that the "executed Agreed Parenting Plan" be entered. Other filings also reference this plan. No such plan is attached to the petition in the record on appeal.

After the remand for reconsideration from this Court, the trial court held a trial on both the remanded custody dispute and the joint petition on January 18, 2023. On January 19, 2023, the children's guardian ad litem filed a "position statement" supporting Mother's request for custody. Mother and Father thereafter filed proposed findings of fact and conclusions of law. In fact, Father filed two separate proposed orders. The first denied Grandparents' bid for custody on the basis that they failed to show substantial harm. The second denied Mother's bid for custody on the basis that she had not shown a material change in circumstances that was unanticipated at the time of the prior June 2021 trial.

The trial court eventually entered a detailed final order on April 28, 2023. After recounting the pre-remand proceedings and proof, the trial court discussed the proof presented at the January 2023 trial. The trial court then made specific findings as to each best interest factor contained in Tennessee Code Annotated section 36-6-106. The trial court found many factors weighed toward Mother or were neutral; no factors weighed in favor of Father alone. As a result, the trial court ruled that Mother would be named the primary residential parent. A parenting plan providing Father with every-other-weekend visitation was later entered.

With regard to Grandparents' request for custody and the remand from this Court, the trial court ruled that "the legal challenges posed by the findings of fact and conclusions of law relative to the custody of the children in the June 4, 2021 'final' hearing, [are] now moot as the Court has now ruled [Mother] is better suited to be the primary residential parent of the parties' minor children[.]" The trial court went on to consider the issue of substantial harm, however, "[o]ut of an abundance of caution[.]" Although the trial court found that severing the relationship between Grandparents and the children would pose a significant risk of substantial harm, the trial court declined to award Grandparents visitation, as the Grandparents had not previously been denied any visitation.

## II. ISSUES PRESENTED

Father raises the following issues, which are taken from his appellate brief:

1. Whether the matter on remand should have been heard simultaneously with the joint petition for Mother to regain custody?
2. Whether the grandparents were able to show substantial harm?
3. Whether a material change in circumstances occurred?
4. Whether the chancery court abused its discretion by placing the children in Mother's custody?
5. Whether the chancery court applied the correct legal standard?
6. Whether the chancery court violated Father's right to "parental privacy?"

Neither Mother nor Grandparents have chosen to participate in this appeal.

### III. STANDARD OF REVIEW

"We review the judgment of a trial court in a bench trial *de novo* upon the record, according a presumption of correctness to the factual findings of the court below." *Marla H. v. Knox Cnty.*, 361 S.W.3d 518, 527 (Tenn. Ct. App. 2011) (citing Tenn. R. App. P. 13(d)). We review the trial court's legal conclusions de novo with no presumption of correctness. *Burress v. Shelby Cnty.*, 74 S.W.3d 844, 846 (Tenn. Ct. App. 2001).

Additionally, our supreme court "has previously emphasized the *limited* scope of review to be employed by an appellate court in reviewing a trial court's factual determinations in matters involving child custody and parenting plan developments." *C.W.H. v. L.A.S.*, 538 S.W.3d 488, 495 (Tenn. 2017) (citing *Armbrister v. Armbrister*, 414 S.W.3d 685, 692–93 (Tenn. 2013)). "A trial court's determinations of whether a material change in circumstances has occurred and whether modification of a parenting plan serves a child's best interests are factual questions." *Armbrister*, 414 S.W.3d at 692–93 (citation omitted). Therefore, pursuant to Rule 13 of the Tennessee Rules of Appellate Procedure, "appellate courts must presume that a trial court's factual findings on these matters are correct and not overturn them, unless the evidence preponderates against the trial court's findings." *Id.* at 693 (citations omitted).

### IV. ANALYSIS

#### A.

Father first argues that the trial court erred in hearing the remanded issue simultaneously with Mother's request for modification based upon a material change in circumstances. Unfortunately, while Father makes general arguments in this section of his brief, Father cites no relevant legal authority in support of this argument.[4] As an example, Father asserts that the modification matter and the remanded matter "required very

---

[4] It is also unclear if Father objected to this procedure in the trial court. To be sure, the trial court's order contains no indication that Father ever objected to both issues being heard simultaneously. And Father failed to file a transcript or a statement of the evidence so that we can independently review what objections and evidence were presented. *See Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012) ("In the absence of a transcript or statement of the evidence, a conclusive presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment."). Still, as we noted in *Jones I*, in the absence of a transcript, we may still consider "those issues which raise pure questions of law, as well as any issues challenging the trial judge's application of the law to the facts *as stated by the judge himself* in his memorandum opinions." *Jones I*, 2022 WL 3589628, at *6 n.4 (quoting *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *3 (Tenn. Ct. App. Oct. 30, 2007)). Father did file two proposed orders on what he deemed the two separate matters. And in his proposed order concerning Grandparents' custody request, he does assert that the only matter that should have been heard was the remanded custody issue involving whether Grandparents met their burden to prove substantial harm.

different aspects of the Rules of Civil Procedure in order to complete." Father does not specify which rules would be different in the two proceedings.

Although it is true that different burdens of proof were applicable, nothing in the record or Father's brief indicates that the trial court was unable to apply two separate burdens of proof in one action. Father further asserts that allowing simultaneous proceedings "places too much power with the trial court." Again, Father cites no authority for this argument. And the law on this issue indicates that trial courts have broad power "to control their dockets and the proceedings in their courts[.]" *Barnett v. Tenn. Orthopaedic All.*, 391 S.W.3d 74, 79 (Tenn. Ct. App. 2012).

"It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). Here, Father did not support his argument with any relevant authority other than a citation to the superior parental rights doctrine relied upon in our prior Opinion. Respectfully, this authority does not support his argument that the trial court erred in hearing both purportedly pending matters simultaneously.[5] As such, Father's argument is nothing more than skeletal and does not entitle him to relief on appeal.

**B.**

Father's second issue argues that Grandparents failed in their burden to show substantial harm as required by our prior decision. *See Jones I*, 2022 WL 3589628, at *9 ("On remand, the maternal grandparents bear the burden of showing by clear and convincing evidence that the children would be exposed to substantial harm if placed in Father's custody."). We note, however, that the trial court did not grant custody to Grandparents. Instead, Grandparents joined in Mother's request that custody be returned to her. And the trial court ruled that custody would be shared between Mother and Father in the typical post-divorce manner; no visitation was awarded to Grandparents. As a result, the trial court ruled that the "legal challenge[]" to the prior order awarding custody to Grandparents was moot.[6]

Rule 36 of the Tennessee Rules of Appellate Procedure provides that "[a] final

---

[5] As discussed *infra*, it is arguable that Grandparents had withdrawn their bid for custody when they joined in Mother's petition for custody of the children. As such, there was only a single pending matter before the trial court at the final trial.

[6] In an abundance of caution, the trial court did make some findings as to this issue, but the order makes clear that these findings were not the basis of its decision. Moreover, to the extent that these findings could be a basis for reversal, without the benefit of a transcript or statement of the evidence, we must conclusively presume the trial court's factual findings are correct on this issue. *See Ramsay*, 387 S.W.3d at 568.

judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b). Here, Grandparents essentially withdrew their request for custody when they joined in Mother's petition to be awarded custody. Moreover, because Grandparents were not awarded any type of custody or visitation, whether they met their burden to prove substantial harm is irrelevant. In other words, Father was entirely successful in thwarting Grandparents efforts to obtain custody of the children. This assignment of error therefore also lacks merit.

## C.

Father next asserts that the trial court erred in granting custody to Mother because she failed to demonstrate a material change in circumstances that was unanticipated at the time of the June 2021 trial. Respectfully, Father's argument is misplaced.

Tennessee law provides that a parent seeking modification of a prior order of custody or visitation must demonstrate a material change in circumstance. *See generally* Tenn. Code Ann. § 36-6-101 (a)(2)(B)–(C) (providing different standards when the modification concerns custody or only the residential parenting schedule). As this Court has explained,

> "The concept of requiring a parent seeking modification to prove a material change in circumstances originated out of this Court's recognition that existing parenting orders are considered *res judicata* on the facts as they existed at the time the most recent order was entered." **Stricklin v. Stricklin**, 490 S.W.3d 8, 16 (Tenn. Ct. App. 2015) (quoting **Canada v. Canada**, No. W2014-02005-COA-R3-CV, 2015 WL 5178839, at *6 (Tenn. Ct. App. Sept. 4, 2015)). Accordingly, "[a] custody decision, 'once final,' is *res judicata*" as to the facts in existence when the decision was made. **Kennedy v. Kennedy**, No. M2016-01635-COA-R3-CV, 2017 WL 2713632, at *3 (Tenn. Ct. App. Jun. 23, 2017) (*no perm. app. filed*); **Hawk v. Hawk**, No. E2015-01333-COA-R3-CV, 2016 WL 901518, at *8 (Tenn. Ct. App. Mar. 9, 2016) (*no perm. app. filed*). "Final custody orders" are *res judicata* and cannot be modified absent a material change of circumstance. **Holley v. Ortiz**, No. M2015-01432-COA-R3-CV, 2017 WL 729754, at *8 (Tenn. Ct. App. Feb. 24, 2017) (*no perm. app. filed*). "After a permanent parenting plan has been incorporated into *a final order or decree*, the parties are required to comply with it unless and until it is modified as permitted by law." **C.W.H. v. L.A.S.**, [538 S.W.3d 488, 496] (Tenn. Dec. 19, 2017) (citing **Armbrister v. Armbrister**, 414 S.W.3d 685, 697 (Tenn. 2013)) (emphasis added).
>
> However, this standard for modifying a custody order does not apply when there is no final custody order in existence and the parties are only

operating under a temporary order. *See* ***Dillard v. Jenkins***, No. E2007-00196-COA-R3-CV, 2007 WL 2710017, at *3–4 (Tenn. Ct. App. Sept. 18, 2007).

***In re Samuel P.***, No. W2016-01665-COA-R3-JV, 2018 WL 1046784, at *11 (Tenn. Ct. App. Feb. 23, 2018).

In this case, the only final, permanent parenting plan entered by the trial court was later reversed by this Court in ***Jones I***.[7] Indeed, Father admits in his brief that the parties "did not have a parenting plan in place." And in the context of orders involving children that have been vacated or reversed on appeal, we have repeatedly recognized that "[e]vents and lives have not stood still while this [ ] dispute has been in the courts." ***Barnes v. Barnes***, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *9 (Tenn. Ct. App. Oct. 24, 2012) (citation omitted). "[W]e have therefore held that 'when a trial court is directed to reconsider an issue on remand that involves the circumstances of children and their parents, the trial court should endeavor to ascertain and give effect to the parties' actual circumstances[.]'" ***In re James D.***, No. W2019-00863-COA-R3-PT, 2020 WL 599044, at *7 (Tenn. Ct. App. Feb. 7, 2020) (citation and internal quotation marks omitted). Mother's purported failure to prove a material change in circumstances is therefore not a basis for relief in this appeal.

## D.

Father next argues that the trial court abused its discretion in awarding custody of the children to Mother. Father's argument here is somewhat difficult to understand. Father first asserts that the trial court applied the wrong legal standard because it failed to apply the presumption of superior parental rights as required by ***Blair v. Badenhope***, 77 S.W.3d 137, 148 (Tenn. 2002), *superseded by statute on other grounds as recognized in* ***Armbrister***, 414 S.W.3d 685. Father repeats this argument in his fifth issue, and it is also similar to his final issue, in which Father asserts that the trial court violated his "right to parental privacy" because it did not recognize Father's superior parental rights. As we perceive it, Father asserts that trial court should have required both Mother and Grandparents to prove substantial harm and that their failure to do so should result in him being granted custody of the children.[8]

As we explained in ***Jones I***, "in an initial custody dispute **between a parent and a non-parent**, 'the **non-parent** has the burden of establishing by clear and convincing evidence that the child will be exposed to substantial harm if placed in the custody of the

---

[7] In ***Jones I***, we specifically held that the order placing the children in Grandparents' custody was merely temporary. *See* ***Jones I***, 2022 WL 3589628, at *8 ("In this case, the order providing custody to the maternal grandparents was 'temporary' in nature[.]").

[8] Specifically, Father asserts that the trial court should have entered his parenting plan. No such proposed parenting plan is included in the truncated record on appeal.

- 7 -

parent.'" ***Jones I***, 2022 WL 3589628, at \*7 (emphasis added) (quoting ***In re R.D.H.***, No. M2006-00837-COA-R3-JV, 2007 WL 2403352, at \*6 (Tenn. Ct. App. Aug. 22, 2007)). In other words, "[i]n a contest between a parent and a non-parent, a parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substantial harm to the child." ***In re Askew***, 993 S.W.2d 1, 4 (Tenn. 1999) (quoting ***In re Adoption of Female Child (Bond v. McKenzie)***, 896 S.W.2d 546, 548 (Tenn. 1995)). Thus, while Grandparents were required to overcome Father's superior parental rights, Mother, as the natural and legal parent of the child, was not. The presumption of superior parental rights simply does not apply to a custody dispute between two legal, natural parents. And again, only Mother and Father were awarded custody in this matter. So then, the trial court was not required to apply the superior parental rights doctrine in entering its parenting plan.

In addition to the above argument, Father cites the trial court's prior order in which Mother was found to be unfit. But as previously discussed, the trial court was permitted to consider new evidence as to custody after the previous order was reversed, without requiring Mother to prove a change in circumstances. And once again, Father cites no legal authority to demonstrate that the trial court erred in hearing new evidence on this issue.[9] Moreover, to the extent that Father is challenging the trial court's finding that Mother is no longer unfit to parent the children, in the absence of a transcript or statement of the evidence, we must presume that the evidence presented supports the trial court's factual findings on this issue. *See* ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988). So then, respectfully, Father's final three issues also lack merit.

## V. CONCLUSION

The judgment of the Maury County Chancery Court is affirmed, and this cause is

---

[9] Although certainly not cited by Father, we note that the law of the case doctrine is somewhat implicated in this appeal. As the Tennessee Supreme Court explained,

> The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication.

***Memphis Publg. Co. v. Tenn. Petroleum Underground Storage Tank Bd.***, 975 S.W.2d 303, 306 (Tenn. 1998)***.*** Here, Mother's unfitness was not actually addressed in ***Jones I***. Moreover, an exception exists to this doctrine when "the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding[.]" ***Id.*** And as previously discussed, we have recognized that circumstances often change in cases involving minor children. *See* ***Barnes***, 2012 WL 5266382, at \*9. The trial court found that Mother's situation was markedly different, particularly in that her prior boyfriend was no longer in her life.

remanded to the trial court for further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are assessed to Appellant, John B. Jones, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE